# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SHEARER, TRUSTEE FOR COMTEL COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-514 |
| v. | ) ) | Judge Cathy Bissoon |
| CELLCO PARTNERSHIP, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons stated below, Defendants' Motion to Compel Arbitration (Doc. 23) will be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Robert Shearer ("Plaintiff") brings this action as the trustee for Comtel Communications ("Comtel"), a Pennsylvania corporation that sold and distributed wireless telephones and phone plans. Compl. (Doc. 1-2) at ¶¶ 1, 4-5. Defendant Cellco Partnership ("Cellco"), a subsidiary of Defendant Verizon Communications ("Verizon"), general partner of Defendant Vodafone Group ("Vodafone"), and doing business as Verizon Wireless, entered into a series of agreements with Comtel, by which Comtel became a Verizon Wireless exclusive dealer. Id. at ¶¶ 6-8, 15. Plaintiff alleges that Defendants breached one of their agreements and engaged in tortious conduct, resulting in Comtel's bankruptcy. Id. at ¶ 2.

On March 30, 2015, Plaintiff filed a five-count complaint in the Court of Common Pleas of Allegheny County, asserting causes of action in Breach of Contract (Count I), Breach of

Fiduciary Duty (Count II), Conversion (Count III), Unjust Enrichment (Count IV) and Intentional Interference with Contractual Relations (Count V). The case was removed to this Court on April 17, 2015, on the basis of diversity jurisdiction. Notice of Removal (Doc. 1).

On May 29, 2015, Defendants filed a Motion to Stay Pending Arbitration. Doc. 9. On November 19, 2015, the Court denied, without prejudice to refiling, Defendants' Motion, stating "the Court has not received a Motion to Compel Arbitration and the Court cannot order arbitration without such motion." Doc. 22. Defendants filed the instant Motion to Compel Arbitration on December 15, 2015. Doc. 23.

**ANALYSIS**

Before compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). Here, Plaintiff does not dispute the validity or applicability of the arbitration clause at issue. Indeed, Verizon and Comtel have submitted disputes related to the Agency Agreement to arbitration in the past.[1] Further, Plaintiff makes no argument that the trustee is not equally bound by the terms of the Agency Agreement as the debtor would be. See Hays and Co. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 885 F.2d 1149, 1153 (3d Cir. 1989) (holding that the trustee-plaintiff is bound by the agreement's arbitration clause "to the same extent as would be the debtor.") Instead, Plaintiff argues that the case should remain in this Court because (1) Comtel, as a bankruptcy debtor, does not have sufficient funds to cover the

---

[1] In 2008, Verizon initiated arbitration proceedings against Comtel, arguing Comtel was liable for multiple breaches of the Agency Agreement. Before the arbitration hearing took place, Comtel filed for bankruptcy and the arbitration was stayed. Comtel's bankruptcy proceeding is ongoing in the Western District of Pennsylvania, with Plaintiff as the trustee. Defendants have filed a proof of claim with the Bankruptcy Court in the amount of $1,132,992.46.

2

cost of arbitration; and (2) this action involves a "core matter" in Plaintiff's ongoing case in Bankruptcy Court and therefore the proper forum is the Western District of Pennsylvania. Doc. 24 at ¶¶ 10, 18. The Court will address these arguments in turn.

**I. Cost of Arbitration**

Plaintiff argues that it lacks sufficient funds to proceed with arbitration. Doc. 1 at ¶ 10. In doing so, Plaintiff relies on Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79 (2000), for his argument that a party can avoid arbitration in the event that it is prohibitively expensive. However, the Court in Green Tree explained that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her *federal statutory rights* in the arbitral forum." Id. at 90. (emphasis added). Here, Plaintiff has only asserted state law claims, not a federal statutory claim. While the Third Circuit Court of Appeals has never explicitly addressed this issue, other circuits have consistently held Green Tree inapplicable to vindication of state law claims. See Stutler v. T.K. Constructors Inc., 448 F.3d 343, 346 (6th Cir. 2006) (declining to apply Green Tree where the plaintiff sought to enforce state contractual rights because Green Tree only applies to cases where federal statutory rights are at issue); Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 873 (8th Cir. 2004) (holding Green Tree to be inapplicable because "[i]n *Green Tree,* the Supreme Court addressed arbitration of federal statutory claims, and did not analyze the unconscionability of an arbitration agreement under state law"). Thus, the Court finds Green Tree inapplicable in this case. Consequently, Plaintiff cannot escape arbitration on the grounds of cost.[2]

---

[2] Even if Plaintiff had asserted a state law unconscionability argument based on cost, such argument would fail. Under Pennsylvania law, a plaintiff asserting an unconscionability defense must demonstrate both procedural and substantive unconscionability. Salley v. Option One Mortg. Corp., 925 A.2d 115, 119 (Pa. 2007). Given that Comtel presented itself as a business sophisticated enough to enter into a complex agreement with Verizon Wireless, the Court fails to

**II. Core Matter in Bankruptcy**

Additionally, Plaintiff argues the Court should deny Defendants' Motion to Compel Arbitration because Plaintiff's claims against Defendants in this action constitute "core proceedings" to the pending bankruptcy proceedings, and therefore should remain in the Western District of Pennsylvania. Doc. 24 at ¶ 18. In connecting these state law causes of action to the bankruptcy proceeding, Plaintiff explains this claim, meaning the potential damages recovered by this breach of contract lawsuit, is the primary asset of the debtor's estate and if plaintiff is successful, the estate could distribute the funds to Comtel's creditors. Id. at ¶ 20.

This argument likewise fails. Plaintiff has failed to put forth any evidence that sending its claims against Defendants to arbitration would inherently conflict with the Bankruptcy Code, as is required by Third Circuit Law. In re Mintze, 434 F.3d 222, 231-32 (3d Cir. 2006). Whether a proceeding is core or non-core does not affect whether a court has the discretion to deny enforcement of an otherwise valid arbitration agreement. Id. at 229. The central question is whether its enforcement would seriously jeopardize the objectives of the United States Bankruptcy Code. Hays and Co., 885 F.2d at 1161. The Court concludes it would not. None of Plaintiff's claims involve bankruptcy issues and therefore there is no inherent conflict between Plaintiff's Pennsylvania state law contract and tort claims and the United States Bankruptcy Code.

---

see how Plaintiff could succeed on a claim that the arbitration provision was procedurally unconscionable.

4

## II. ORDER

Consistent with the foregoing, Defendants' Motion to Compel Arbitration (**Doc. 23**) is **GRANTED**. IT IS FURTHER ORDERED that this matter is STAYED and ADMINISTRATIVELY CLOSED pending the completion of arbitration.


March 16, 2016                                            s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record